# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA JENNINGS,<br><br>    Plaintiff,<br><br>v.<br><br>ST. LUKE'S HEALTH NETWORK, INC. T/D/B/A ST. LUKE'S HOSPITAL OF BETHLEHEM, PENNSYLVANIA, AND ST. LUKE'S UNIVERSITY HEALTH NETWORK,<br><br>    Defendant. | Case No.: 5:23-CV-1229 |

## ORDER GRANTING PRELIMINARY APPROVAL

**AND NOW**, this 12th day of March, 2024, upon consideration of Plaintiff's "Unopposed Motion for Preliminary Approval of the Class Action Settlement" ("Motion"), the accompanying Confidential Settlement Agreement and Release ("Agreement"), the accompanying brief, and all other papers and proceedings herein, it is hereby **ORDERED** that:[1]

1. The Motion, ECF No. 26, is **GRANTED**, and the Settlement of this action is **PRELIMINARILY APPROVED** because it appears that, at the final approval stage, the Court "will likely be able to" approve the Settlement under the criteria described in Federal Rule of Civil Procedure ("Rule") 23(e)(2) and certify the Settlement under Rule 23(a) and (b)(3).[2] *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii).

2. **Class Counsel.** The Court appoints Mansour Law, LLC as interim class counsel because they meet all of the requirements under Federal Rule of Civil Procedure 23(g).

---

[1] Unless otherwise defined herein, all terms used in this Order (the "Order Granting Preliminary Approval") will have the same meaning as defined in the Agreement.

[2] The Class is certified for settlement purposes only.

3.     **Notice.**  The "Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing" form ("Notice Form") attached to the Agreement as Exhibit A and the notice protocols described in paragraph 2.4 of the Agreement are approved pursuant to Rule 23(c)(2)(B).  St. Luke's Health Network, Inc. (St. Luke's") is authorized to mail this document, after it is updated with the appropriate dates and deadlines consistent with the Agreement, to the applicable Settlement Class Members as provided in the Agreement.

4.     **Opt-Out Statements and Written Objections.**  Any Opt-Out Statement or written objection to the Settlement by a Settlement Class Member who has not opted-out, must be sent to St. Luke's or Class Counsel, as outlined in the Agreement, and postmarked or emailed no later than forty (40) days after the Notice Form is mailed to the Settlement Class Members.  St. Luke's will provide any Opt-Out Statements to Class Counsel and Class Counsel will file Opt-Out Statements and any written objections with the motion for final approval of settlement.

5.     **Class Action Settlement Procedure.**  The Court hereby adopts the settlement approval process as set forth in the Agreement.

6.     **Effective Date.**  In the event that the Effective Date, as defined in the Agreement, does not occur, the Settlement, the Agreement, and this Order shall be deemed null and void and shall have no effect whatsoever, other than the non-disclosure provisions in Section 3.14, and the non-admission provisions in Section 3.13 of the Agreement, which shall remain in effect.  In such case, nothing in the Agreement or this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class or collective action certification is or may be appropriate in this Action or any other matter.

7.     **Non-Interference.**  Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Order and Judgment, Named Plaintiff and all

Settlement Class Members and anyone acting on behalf of any Settlement Class Member shall be barred and enjoined from: (a) further litigation in this Action; (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue, or participate on an individual, class action, or collective action basis any other action, claim, or proceeding against St. Luke's in any forum in which any of the claims subject to the Settlement are asserted, or which in any way would prevent any such claims from being extinguished; or (c) seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims. The Parties are ordered to carry out the Settlement according to the terms of the Agreement.

8. **Fairness Hearing.** Pursuant to Rule 23(e)(2), the Court will conduct a Fairness Hearing on **June 12, 2024 at 9:00 a.m.** in Courtroom 3C of the United States Courthouse, 504 W. Hamilton Street, Allentown PA 18101, for the purposes of *inter alia*: (a) determining whether the Settlement warrants final approval under Rule 23(e)(2); (b) determining whether the attorneys' fees and costs to Class Counsel should be approved under Rule 23(h) and whether the Service Award to Named Plaintiff should be approved; (c) hearing any timely and properly filed objections; and (d) entering the Final Order and Judgment. The Fairness Hearing may be continued without further notice to Settlement Class Members.

9. **Motion for Final Approval.** Plaintiff shall file her unopposed motion for final approval of the Settlement on or before seven (7) days prior to the Fairness Hearing.

**IT IS SO ORDERED**

Dated: March 12, 2024

                                                /s/ Joseph F. Leeson, Jr.
                                                Honorable Joseph F. Leeson, Jr.
                                                U.S. District Judge for the Eastern District of Pennsylvania