UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA JENNINGS, *ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED*, <br>    Plaintiff <br><br> v. <br><br> ST. LUKE'S HEALTH NETWORK, INC., et al., <br>    Defendant. | : <br> : <br> : <br> : <br> : <br> :    No. 5:23-cv-01229 <br> : <br> : <br> : <br> : |

# O R D E R

**AND NOW**, this 20th day of June, 2024, upon consideration of the Order Granting Preliminary Approval of Class Action Settlement, *see* ECF No. 28, Plaintiff's unopposed Motion for Approval of Class Action Settlement, Attorneys' Fee Award, and Service Award, ECF No. 28, the accompanying Settlement Agreement and Release, *see* ECF No. 28-1, and after holding a final fairness hearing on June 12, 2024, the Court **HEREBY ORDERS AND FINDS AS FOLLOWS:**

    1.    Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the Settlement Agreement.

    2.    For settlement purposes only, the Court certifies the 308-member settlement class consisting of: all individuals previously identified by St. Luke's and Class Counsel who (1) received a religious exemption from St. Luke's COVID-19 vaccination requirement between August 1, 2021 and December 31, 2023 and (2) in 2022 or 2023 paid any portion of the healthcare premium surcharge to which vaccinated employees or employees with a medical

exemption or deferral were not subject. Certification of this class is warranted because the class satisfies the class action requisites described in Fed. R. Civ. P. 23(a) and (b)(3).

3. The law firm of Mansour Law, LLC is appointed Class Counsel for settlement purposes. This firm satisfies all the criteria described in Fed. R. Civ. P. 23(g)(1)(A) and has extensive experience in employment discrimination cases.

4. On June 12, 2024, the Court held a fully noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement were fair, reasonable, and adequate; (2) whether the parties' Settlement Agreement should be given final approval; and (3) whether and in what amount to award Attorneys' Fees to Class Counsel and whether and in what amount to award the Class Representative. No member of the Class filed any objections to any aspect of the Settlement Agreement, either with counsel or with the Court; nor did any member of the Class appear at the Final Approval Hearing despite the Hearing being fully noticed.

5. The Court finds that the Notice of Settlement sent to Settlement Class Members adequately informed them of the terms of the Settlement Agreement, their estimated recovery if the settlement was approved, the process available to obtain monetary relief, their right to request exclusion from the class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Notice of Settlement also adequately informed Settlement Class Members of the contact information for the Settlement Administrator and Class Counsel. The Notice, given in the manner ordered by the Court, constitutes the best practicable notice, and was fair, reasonable, and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice. The Notice of Settlement

satisfied the requirements of Federal Rule of Civil Procedure 23(e)(1)(B), the United States Constitution, the Rules of this Court, and any other applicable law.

6. Pursuant to the criteria articulated in Federal Rule of Civil Procedure 23(e)(2), the Court finds that the settlement memorialized in the Settlement Agreement and filed with the Court, which details a payment of $388,335.00 to the qualified Settlement Class Members, is "fair, reasonable, and adequate" and is therefore granted final approval for the reasons stated in Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement.

7. The Settlement Agreement is also fair, reasonable, and adequate pursuant to the factors set forth by the Third Circuit Court of Appeals in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), each of which supports this conclusion.

8. The Court finds that: (a) the strength of the Class Representative's and Settlement Class Members' claims weighed against the defenses of Defendant and the complexity, length, and expense of further litigation, especially considering that this case presented novel issues of first impression, support approval of the settlement; (b) the settlement amount of $388,335.00 as set forth in the Settlement Agreement is a fair, reasonable, and adequate settlement of the claims of Settlement Class Members; (c) the settlement was reached pursuant to arm's length negotiations between the parties; (d) the support for the settlement expressed by experienced counsel on both sides, who were fully informed of the facts and circumstances of this litigation, of the strengths and weaknesses of their respective positions weighs in favor of approval of the settlement; (e) the absence of any objections to the settlement by Settlement Class Members supports approval of the settlement; (f) the litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the risks of future litigation; and (g) the common fund represents a complete monetary recovery of the insurance

premium surcharges at issue and member payments are estimated to be between $1,100.06 and $2,200.76 (depending on whether the Class Member paid for one or two years of the surcharge), which is a rare full recovery in a class action.

9. Settlement Class Members shall receive their settlement shares according to the allocation formula and procedures set forth in the Settlement Agreement. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions.

10. The Court approves the payment of a $1,665.00 Service Award to Named Plaintiff Jessica Jennings to compensate her for her involvement and the reputational risk she undertook to commence this litigation against her employer, now her former employer. This award amount is fair and reasonable.[1]

11. Pursuant to Rule 23 and the terms of the Settlement Agreement, the Court approves the payment to Class Counsel of $170,000.00 in attorneys' fees and costs. This amount, which equals approximately 30.30% of the total $560,000.00 settlement payment, is reasonable under the Third Circuit's factors in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195, n.1 (3d Cir. 2000), and *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 336-40 (3d Cir. 1998). Specifically, (a) Class Counsel achieved a highly favorable result for the Class; (b) no class members objected to Class Counsel's fee request; (c) Class Counsel is uniquely skilled and efficient in litigating employment discrimination cases in federal court; (d)

---

[1] *See Altnor v. Preferred Freezer Servs.*, 197 F. Supp. 3d 746, 770 (E.D. Pa. July 18, 2016) ("To determine whether a proposed incentive award is proper, some courts have considered factors such as (1) the risk to the plaintiff in commencing litigation, both financially and otherwise; (2) the notoriety and/or personal difficulties encountered by the representative plaintiff; (3) the extent of the plaintiff's personal involvement in the lawsuit in terms of discovery responsibilities and/or testimony at depositions or trial; (4) the duration of the litigation; and (5) the plaintiff's personal benefit (or lack thereof) purely in her capacity as a member of the class.") (internal marks and citation omitted)).

the case was complex and dealt with issues of first impression; and (e) Class Counsel took the case on a contingent fee basis and expended 105.1 hours in prosecution of the case, with no guarantee of compensation.[2]

12. The Action is dismissed on the merits and with prejudice, and Named Plaintiff, Qualified Settlement Class Members, and anyone acting on their behalf, shall be barred and enjoined from: filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on an individual, class action, or collective action basis in any other action, claim, or proceeding against St. Luke's or St. Luke's Releasees in any forum in which any of the claims released under this Settlement are asserted, or which in any way would prevent any such claims from being extinguished; or seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.

13. Each Qualified Settlement Class Member who has not validly and timely requested exclusion from the Settlement by opting out shall fully release St. Luke's and the St. Luke's Releasees from the claims released pursuant to Section 3.9 of the Agreement.

14. As identified in the Motion for Final Approval, the Court finds that twelve individuals, listed on Exhibit C, have timely requested exclusion from the settlement class. These individuals are (a) excluded from the settlement class previously certified; (b) are not bound by the terms of the Settlement Agreement; (c) do not release or discharge the Released Claims; and (d) are not entitled to participate in the settlement.

---

[2] *See also Hall v. Accolade, Inc.*, No. 17-3423, 2020 WL 1477688, at *9 (E.D. Pa. Mar. 25, 2020) (median fee award in surveyed class actions was 33.33%); *Creed v. Benco Dental Supply Co.*, No. 12-01571, 2013 WL 5276109, at *6 (M.D. Pa. Sept. 17, 2013) ("[A]n award of one-third of the settlement is consistent with similar settlements throughout the Third Circuit.").

15. The Court grants final approval of the settlement in all respects and directs the parties to effectuate the terms of the Settlement Agreement.

16. For the reasons stated herein, Plaintiff's unopposed Motion for Approval of Class Action Settlement, Attorneys' Fee Award, and Service Award, ECF No. 28, is **GRANTED**.

17. This action is hereby **DISMISSED WITH PREJUDICE** without fees or costs to any party except as provided in the Settlement Agreement.

18. The Clerk of Court is directed to enter judgment consistent with this Order.

19. This case is **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge